Per Curiam,
We are inclined to agree with the learned judge of the court below, in his finding of facts, rather than with the master. That Mrs. Pfiffner had the money with which to pay for the property in dispute, when it was bought in 1864, is not doubtful, nor is it probable that he did not know that the deed was made in her name. At all events, he did know that fact in 1865. According to the testimony of the son, Alexander, the husband and wife at that time had a quarrel over the matter, he having discovered that the deed was in her name, and she then told him to sell the house, build a new one, and put it in his own name. Thereupon the dissatisfaction disappeared, and from thenceforth nothing more was said upon the subject. He did not proceed to sell, as she authorized him to do; nor did he in any other wise assert his alleged right to the deed until he preferred this bill, some three years after his wife’s death, and about twenty after he was informed that the title was in her. After so long an acquiescence in her right, we must assume that he intended to allow the title to remain in her. Such being the case, and his claim being so very stale, the equity side of the court cannot help him.
As to what the court below has said concerning the resulting trust, and the effect of the Act of 1856, whilst we are not prepared to say that the opinion of. the learned judge is not correct, neither are we willing to adopt it without a more critical examination than we are now prepared to give if.
Decree affirmed at costs of appellant.